UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE V. FULLER, )
)
          Petitioner, )
)
v. ) Civil Action No. **10 0438**
)
UNKNOWN OFFICIALS FROM )
THE JUSTICE DEPARTMENT, )
)
          Respondents. )

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis*, motion to use a post office box as his mailing address, and his *pro se* complaint, which is construed as a petition for a writ of mandamus.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements.

Petitioner alleges that three attorneys representing Harris County, Texas in a civil case

before the United States District Court for the Southern District of Texas allowed their witnesses to commit perjury and to submit false declarations. *See* Pet. at 3. Petitioner complained to the Federal Bureau of Investigation and to the United States Department of Justice, *id.*, and he alleges that the government's failure to act on these complaints violated his "civil and constitutional rights to equal protection under 18 USC."[1] *Id.* at 4. Among other relief, petitioner demands a writ of mandamus directing defendants "to perform a legal duty owed" to him. *Id.* at 9.

Insofar as petitioner demands an order directing defendants to prosecute particular individuals, the Court has no such authority. Only the Attorney General determines whether or when to prosecute an individual or to investigate a particular matter. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."), *cert. denied*, 384 U.S. 906 (1966); 28 U.S.C. § 547(1) (stating that "each United States Attorney, within his district, shall . . . prosecute for all offenses against the United States"). Petitioner neither demonstrates his clear right to relief nor articulates the legal duty defendants owe him, nor shows that no other remedy is available to him.

Moreover, petitioner cannot bring a civil action on the basis of defendants' alleged

---

[1] The Court presumes that "18 USC" is a reference to Title 18 of the United States Code pertaining to crimes and criminal procedure.

violation of criminal statutes. *See Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) ("Moreover, plaintiff's claims of fraud or false statements under 18 U.S.C. § 1001 and conspiracy under 18 U.S.C. § 241 are also barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants.") (citations omitted); *Isbell v. Stewart & Stevenson, Ltd.*, 9 F. Supp. 2d 731, 734 (S.D. Tex. 1998) (finding that "here is no basis under [18 U.S.C. §§ 1621 and 1623] for any private right of action"); *see also Ebbing v. Butler County, Ohio*, No. 1:09-CV-00039, 2010 WL 596470, at *5 (S.D. Ohio Feb. 16, 2010) (affirming magistrate judge's recommendation to deny a motion to amend the complaint where plaintiff sought to add claims that defendant violated 18 U.S.C. §§ 241-242, 1621, 1623, and 2235, among others, because there was no private right of action under these criminal statutes).

The Court will deny the petition and dismiss this action. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
United States District Judge

Date: 3/12/10